GENNARO DELUCIA *vs.* DOMENICO PERROTTI ET AL.

Third Judicial District, Bridgeport, April Term, 1931.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 17th—decided June 1st, 1931.

*Robert J. Woodruff,* with whom was *Joseph Shelnitz,* for the appellant (plaintiff).

*Alfonse C. Fasano,* for the appellees (defendants) submitted a brief but did not argue the cause.

PER CURIAM. The defendant Domenico Perrotti deposited $30,000 with an attorney as security for bail furnished at the attorney's instance for five persons accused of a breach of the criminal law and also engaged him to represent three of the accused on the trial. At the conclusion of the criminal proceedings and repeatedly thereafter Perrotti demanded the return of the $30,000, but the attorney refused to return the money except after deductions had been made for his services and expenses. He was always ready to return the balance if these deductions were made. Perrotti finally arranged to have a suit brought against him. The plaintiff was trying to effect the purchase of certain real estate by the defendant but was informed by Perrotti that he could not make any purchase because all his money was in the attorney's hands. The plaintiff thereupon told Perrotti that he would procure the return of the $30,000 without the expense of a civil action, in which event he would charge as his fee five per cent of the sum and the defendants agreed to this proposal. All steps leading to the bringing of the action were then discontinued and the plaintiff arranged a conference between the attorney and the defendants. At this conference an agreement was reached that the attorney would retain $5000 for his fees and expenses and return the balance to Perrotti, which he did. The action was brought upon the basis of the contract as made and sought a recovery of the amount agreed upon, five per cent of the $30,000. The claim of the plaintiff at the trial

was that the retention of the $5000 by the attorney was tantamount to a recovery of it by the defendants, so that they had in effect received the entire sum of $30,000. One of the conclusions of the trial court was, however, that the plaintiff did not secure the return of the $30,000 without deduction as he had agreed to do. This conclusion correctly stated the fair import of the agreement and as the plaintiff did not perform it he could not recover upon the contract. Whether, as the plaintiff claims on this appeal, he might recover the reasonable value of his services upon a *quantum meruit* is a question not before us upon this record.

There is no error.